UNITED STATES of America, Appellee,

v.

Carlos J. DELGADO, Defendant–Appellant.

Docket Nos. 03–1789(L), 04–0836 and 04–2748.

United States Court of Appeals, Second Circuit.

March 21, 2005.

Michael O'Brien, Syosset, NY, for Appellant.

Eric J. Glover, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, for the District of Connecticut, William J. Nardini, Assistant United States Attorney, on the brief), New Haven, CT, for Appellee.

PRESENT: WALKER, Chief Judge, MESKILL, and JACOBS, Circuit Judges.

SUMMARY ORDER

Defendant-appellant Carlos Delgado appeals from the May 10, 2004 judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*) convicting him after a jury trial of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2). Delgado was sentenced principally to 37 months' imprisonment to be followed by three years' supervised release. Familiarity with the facts and procedural background is assumed. We affirm.

On appeal, appellant—both through counsel and *pro se*—raises four challenges to his conviction, none of which have merit. First, Delgado argues that the evidence was insufficient to satisfy the $1,000 monetary threshold requirement of § 1029(a)(2). The statute prohibits "knowingly and with intent to defraud traffic[king] in or us[ing] one or more unauthorized access devices ... and *by such conduct* obtain[ing] anything of value aggregating $1,000 or more during that period." 18 U.S.C. § 1029(a)(2) (emphasis added). Delgado

trafficked in unauthorized access devices when he gave six credit card numbers to the undercover agent in exchange for cash; "by such conduct" he received $3,000, which far exceeded the $1,000 threshold.

 Second, appellant claims that there was a constructive amendment of the indictment or, alternatively, a variance that resulted in substantial prejudice. Appellant bases his claim on the fact that the grand jury indictment charged him with "us[ing] and traffick[ing] in" unauthorized access devices, while the evidence at trial and the jury instructions addressed only trafficking. We have previously held that "[w]here charges are constructively narrowed ... no constructive amendment occurs." *United States v. Wallace*, 59 F.3d 333, 337 (2d Cir.1995) (internal quotation marks and citation omitted). Because the facts proved at trial were the same as those alleged in the indictment, there was no variance either, much less a variance that caused substantial prejudice. *See id.* at 338.

■ Third, appellant argues that the government did not present sufficient evidence that his conduct affected interstate commerce because the credit card account numbers he was charged with selling were issued by local banks. This claim fails because (1) three of the six cards were issued by out-of-state financial institutions, and (2) the other credit card account numbers had traveled across state lines, both electronically and by mail, and had been used in interstate financial transactions.

Fourth, appellant alleges grand jury abuse, claiming that the government knowingly presented false testimony to the grand jury. Appellant's contention is based on a mischaracterization of the government agent's grand jury testimony. The record shows that the agent's testimony was not false or misleading and was fully substantiated at trial. Delgado thus

fails to demonstrate any error, let alone prejudicial error. *See Bank of N.S. v. United States*, 487 U.S. 250, 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).

We have carefully reviewed Delgado's contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**